| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| DANIEL VALLES MARTINEZ, | § | |
| --- | --- | --- |
| | § | |
| Movant, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:09-CV-256 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Daniel Valles Martinez, an inmate currently confined at the Federal Correctional Complex in Pollock, Louisiana, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends Movant's motion be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration and for the reasons set forth below, the court finds that Movant's objections are without merit.

With respect to Movant's claim that he was denied due process due to prosecutorial misconduct by the introduction of "false and fraudulent" testimony, the magistrate judge correctly

concluded that this claim is procedurally barred. Movant has failed to make any showing as to the cause and prejudice exception or the actual innocence exception to excuse his failure to raise this ground on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Furthermore, even when alternatively considering the merits of this claim, Movant has failed to establish the requisite elements for a prosecutorial misconduct claim; namely, that false testimony was presented at trial, that the prosecution had actual knowledge that the testimony was false, and that the testimony was material. *See Carter v. Johnson*, 131 F.3d 452, 458 (5th Cir. 1997). Contrary to Movant's contention, the evidence put forth does not establish that the testimony at issue was actually false or that the prosecution had actual knowledge the testimony was allegedly false.

Movant next objects to the magistrate judge's finding that counsel was not ineffective for failing to object to the prosecution's appeal to the jurors to act as the conscience of the community. As noted by the magistrate judge, however, the Fifth Circuit has recognized that a prosecutor may appeal to a jury to act as the conscience of the community as long as the remarks are not intended to inflame. *See United States v. Ruiz*, 987 F.2d 243, 249 (5th Cir. 1993); *United States v. Brown*, 887 F.2d 537, 542 (5th Cir. 1989). Movant has made no showing that these comments were intended to inflame the passions or prejudices of the jury. As such, counsel cannot be considered deficient in his performance for failing to raise a meritless objection. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Furthermore, a reviewing court "must strongly presume the trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993). Because the failure to object could have stemmed from counsel's reasoned

trial strategy not to call attention to the prosecution's first and only appeal to the jury to act as the conscience of the community, Movant has failed to show that his trial counsel's performance was deficient.[1]  *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (cautioning courts not to second-guess counsel's decisions on matters of trial strategy through the distorted lens of hindsight and stating that they should instead presume that counsel's conduct falls within a wide range of reasonable assistance).  This objection, therefore, is without merit and should be overruled.

Movant also objects to the magistrate judge's finding that counsel was not ineffective for failing to investigate the phone number at issue.  Although it is well settled that to render effective assistance, "counsel has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary," the reasonableness of an investigation depends in part on the information supplied by the defendant.  *See, e.g.*, *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997); *McCoy v. Lynaugh*, 874 F.2d 954, 964 (5th Cir. 1989); *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Martin v. Maggio*, 711 F.2d 1273, 1280 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).  "'The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. . . . In particular, what investigation decisions are reasonable depends critically on such information.'"  *Boyd v. Johnson*, 167 F.3d 907, 910 (5th Cir. 1999) (quoting *Strickland*, 466 U.S. at 691).  In the present case, nothing in the record indicates that Movant's counsel was aware that his client believed at the time of trial that the government witnesses were providing allegedly

---

[1] As noted by the magistrate judge, the other statements Movant complains of were not calls to the jury to act as the conscience of the community but were, rather, legitimate statements by the prosecution either to establish venue in the Eastern District of Texas or to show law enforcement was able to corroborate the statements of co-conspirator Alldredge as to Movant's identity as the distributor who resided in Phoenix, Arizona.

incorrect information about the phone number at issue. In fact, Movant testified twice at trial and never mentioned or questioned the government's proffered evidence with respect to the phone number. Regardless, Movant has failed to show how he was prejudiced by his counsel's alleged ineffectiveness. As the magistrate judge correctly concluded, the record reveals that there was additional evidence demonstrating Movant's involvement in the conspiracy charged, despite the testimony of the government witnesses that the phone number used by Alldredge in 2003 belonged to the supplier of methamphetamine. For instance, a review of the record reveals that Movant was the person who answered the phone in April 2004 and negotiated a transaction for five pounds of "ice." In addition, the record shows that it was Movant whom law enforcement met in Phoenix, Arizona, when agents arrived to complete the aforementioned transaction. *See* Record on Appeal, Vol. 4, pgs. 57-58; Record on Appeal, Vol. 5, pgs. 220-225; *see also* PSR, pgs. 42-44. For these reasons, this objection is without merit and should be overruled.

With respect to claims A, C1, C3, C4, C6-C11, D, and E, Movant merely states the following: "Movant objects to recommendation, and reasserts his claim in 2255 motion." Movant does not provide any specific basis for his objection on these claims for the court to consider. After a *de novo* review, however, the court finds that the proposed findings and recommendations are correct, and Movant's objections are without merit and should be overruled.

**ORDER**

Accordingly, the objections of Movant are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

In addition, the court is of the opinion that Movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires Movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, Movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of Movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Movant has not shown that the issues in dispute are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 16th day of May, 2011.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE